IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

HECTOR RIVERA,

       Plaintiff,

v.                                                Civil Action No. 3:14cv128
                                                    (Judge Groh)

FEDERAL BUREAU OF PRISONS,
UNICOR,

       Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On November 26, 2014, Hector Rivera, who is a federal prisoner currently incarcerated at FCI Gilmer, initiated this action by filing a *pro se* Bivens[1] complaint alleging that he was improperly fired from his UNICOR position. On December 1, 2014, the plaintiff was granted leave to proceed *in forma pauperis*. On December 15, 2014, Plaintiff paid his initial partial filing fee. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

### II. The Complaint

A review of the Complaint and the attached exhibits, establish that Plaintiff was employed by UNICOR as a Quality Assurance Inspector. The UNICOR factory at FCI Gilmer repairs and assembles vehicles that are used by the United States military. Plaintiff alleges that he notified management that a particular torque wrench was unavailable for the mechanics' use, and therefore, the front axle nut on the 1083 truck could not meet proper torque specifications.

---

[1] Bivens is the shorthand name given to claims made against a federal agent for violations of a federal constitutional right. Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

1

Plaintiff maintains that he was issued an Unsatisfactory Work Performance Report and was subsequently fired from his position.[2] Plaintiff alleges that this action violated the Sarbanes Oxley Act, and more particularly punished him for being a "whistleblower." For relief, Plaintiff seeks an Order prohibiting further retaliation against him and an award of compensatory and punitive damages.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504

---

[2] A review of the administrative grievances and the responses thereto, indicate that Plaintiff maintains that he notified staff that the four inch socket wrench was not available and, in fact, placed two separate hold tags on the truck in question. However, while the BOP acknowledges the socket wrench was not available, they maintain it was not brought to the attention of the staff supervisor by the inmate mechanics or Plaintiff until after the trucks were assembled and exited the UNICOR Factory for a road test.

[3] Id. at 327.

U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

**A. Federal Bureau of Prisons/UNICOR**

A Bivens cause of action is only available against federal officers in their individual capacities, and not the federal agency which employs the persons acting under federal law. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Likewise, a jail or correctional facility is not a "person" for purposes of Bivens liability. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (a jail is not a person amenable to suit); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons'"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit"). Thus, neither the Federal Bureau of Prisons nor UNICOR is a proper Defendant, and the complaint must be dismissed. Furthermore, even if Plaintiff had named a proper Defendant[4], this case must still be dismissed for failure to state a claim upon which relief can be granted.

**B. Bivens Action**

To state a claim under Bivens, a plaintiff must allege that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known. See Barbera v. Smith, 836 F.2d 96, 99 (2d Cir.

---

[4] Although Plaintiff does not list an individual defendant in the style of his case, in his Statement of Claim, he does indicate that an individual named Bartlett generated the Unsatisfactory Work Performance Report. Therefore, if Plaintiff alleged a viable constitutional violation, the undersigned would be inclined to allow Plaintiff to amend his Complaint to name Bartlett as an individual defendant.

1987); see also Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) (holding that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery"). Therefore, to succeed on a Bivens action, a plaintiff must first establish a constitutional violation. Hill v. Lappin, 630 F.3d 468 (6th Cir. 2010). Plaintiff clearly fails to do so.

Plaintiff has no constitutional right to a job while incarcerated because a federal prisoner has no property or liberty interest to a job in prison. See Garza v. Miller, 638 F.2d 480 (1982). However, if a prison program is offered, no prisoner may be treated differently in terms of access to that program on the basis of his or her race or national origin, because "the Constitution prohibits prison supervisors from using race as a factor in determining which prisoners can participate in which programs." Brown v. Summer, 701 F. Supp. 762, 764 (D. Nev. 1988). In this particular case, Plaintiff makes no allegation that the Unsatisfactory Work Performance Report was motivated by his race or national origin. Rather, Plaintiff alleges that by exposing a defective mechanic's procedure, he was engaged in a protected activity for which he must be shielded from unfavorable action. Plaintiff relies on the Sarbanes Oxley Act to support his allegation.

Section 806 of the Sarbanes-Oxley Act protects employees of publicly-traded companies and employees of contractors and subcontractors of publicly-traded companies. More specifically, under Section 806, whistleblowers are protected for providing information about securities fraud, shareholder fraud, bank fraud, a violation of any SEC rule or regulation, mail fraud or wire fraud. However, according to the BOP's website, "Federal Prison Industries (commonly referred to as FPI or by its trade name UNICOR) is a wholly owned, Government corporation established by Congress on June 23, 1934," a principal mission of which is "to

employ and provide job skills training to the greatest practicable number of inmates confined within the [BOP]." See http://www.bop.gov/inmate_programs/unicor.jsp; see also O'Quin v. United States, 72 Fed.Cl. 20, 24 (Fed.Cl. 2006)("The FPI (also known by its trade name, 'UNICOR') is a government-owned corporation that was established in 1934 to provide work programs for inmates of federal correctional facilities."). Accordingly, the Sarbanes Oxley Act does not cover employees of UNICOR, and its whistleblower protection has no application to Plaintiff's Complaint.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: April 9, 2015

                                                      /s Robert W. Trumble
                                                      ROBERT W. TRUMBLE
                                                      UNITED STATES MAGISTRATE JUDGE