**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**HECTOR RIVERA,**

     Plaintiff,

**v.**                              **CIVIL ACTION NO.: 3:14-CV-128
(GROH)**

**FEDERAL BUREAU OF PRISONS and
UNICOR,**

     Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Report and Recommendation ("R&R") [ECF 14] of United States Magistrate Judge Robert W. Trumble.[1] The R&R recommends dismissing *pro se* Plaintiff Hector Rivera's Bivens[2] complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

## I. Background

On November 26, 2014, Plaintiff Hector Rivera initiated this Bivens action by filing a complaint against the Federal Bureau of Prisons ("BOP") and UNICOR. His complaint alleges that he was fired from a position with UNICOR in violation of the Sarbanes Oxley Act. Magistrate Judge Trumble screened the complaint pursuant to 28 U.S.C. § 1915A(b). On April 9, 2015, he entered an R&R recommending that this Court dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted. Rivera timely

---

[1] This action was referred to Magistrate Judge Trumble for submission of an R&R by standing order.

[2] Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

objected to the R&R.

## II.  Standards of Review

### A.  R&R

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court need not review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Accordingly, the Court will review *de novo* those portions of the R&R to which Rivera objects and the remainder of the R&R for clear error.

### B.  Preliminary Review of Complaint

When, like here, a prisoner seeks redress from a governmental entity or government officer or employee, a court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a)-(b).

A complaint is frivolous if it is without arguable merit either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.  See id. at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless."  Neitzke, 490 U.S.

at 327; see also Denton v. Hernandez, 540 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Finally, a court must dismiss a complaint under § 1915A if it fails to state a claim upon which relief may be granted. While courts must construe a *pro se* plaintiff's pleadings liberally, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), the complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate that he has stated a claim entitling him to relief. Id.

### III. Discussion

Magistrate Judge Trumble recommends dismissing the complaint because neither the BOP nor UNICOR are proper defendants as they are not individuals subject to suit in a Bivens action and, even if they were, Rivera has not established the constitutional violation required to state a Bivens claim. In his objections, Rivera states that he does not object to the R&R's determination that the BOP and UNICOR are not proper defendants.[3] Accordingly, the Court reviews this portion of the R&R for clear error and finds none. See

---

[3] Rivera asserts that the allegations of his complaint reference the "specific Defendants." The complaint, however, only lists the BOP and UNICOR as defendants, and Rivera has not moved to amend his complaint to add any defendants. See Fed. R. Civ. P. 15(a). Thus, the Court considers only the BOP and UNICOR as defendants because Rivera's complaint only names them as such.

Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (noting that a "jail is not a person amenable to suit"). The Court therefore overrules Rivera's objections and dismisses the complaint for failure to state a claim upon which relief can be granted.

## IV. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Plaintiff's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DISMISSES** the Plaintiff's complaint **WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Defendants.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** June 26, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

4